```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```
_____

| | |
|---|---|
| **RICHARD E. MADKINS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **OCWEN FINANCIAL SERVICE,** | )  No. 24-cv-2852-JPM-tmp |
| **TRAVELERS INSURANCE COMPANY,** | ) |
| **U.S. BANK TRUST COMPANY,** | ) |
| **JAMES HOLMES, and WESTERN** | ) |
| **PROGRESSIVE-TENNESSEE INC.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____

## REPORT AND RECOMMENDATION
_____

On November 4, 2024, *pro se* plaintiff Richard E. Madkins filed his complaint and accompanying motion to proceed *in forma pauperis*. (ECF Nos. 2, 3.) Plaintiff characterizes himself as "a certified independent paralegal on behalf of his sister Sharon D. Madkins, who is disabled, bedridden, and sleeping in oxygen mask to breathe air." (ECF No. 2 at PageID 2.) He alleges violations of the Racketeer Influenced and Corrupt Organizations Act, among other claims, stemming from Ms. Madkins's contractual relationship with defendants. (Id. at PageID 10-12.) Despite purporting to bring this action on behalf of his sister, Mr. Madkins designates himself as the named plaintiff. Accordingly, to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), Madkins was required to respond

fully to the questions on the court's *in forma pauperis* form and execute an affidavit in compliance with 28 U.S.C. § 1746.

On November 15, 2024, the undersigned found Madkins's *in forma pauperis* application insufficient, as plaintiff instead submitted an affidavit completed by his sister. (ECF No. 7 at PageID 77.) The court ordered Madkins to either file a properly completed *in forma pauperis* affidavit on his behalf or pay the $405 civil filing fee within 28 days. (Id. at PageID 78.) The undersigned warned Madkins that failure to comply would result in his case being dismissed without further notice. (Id.)

As of December 23, 2024, Madkins has not filed a properly completed *in forma pauperis* application or paid the filing fee. Because Madkins has failed to comply with the court's November 15 order, the undersigned recommends that his complaint be dismissed without prejudice.

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

December 23, 2024
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**