IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RICHARD E. MADKINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OCWEN FINANCIAL SERVICE, ) <br> TRAVELERS INSURANCE COMPANY, ) <br> U.S. BANK TRUST COMPANY, ) <br> JAMES HOLMES, and WESTERN ) <br> PROGRESSIVE-TENNESSEE INC., ) <br> ) <br> Defendants. ) | Case No. 24-cv-02852-JPM-tmp |

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE

Before the Court is the Report and Recommendation filed by Chief United States Magistrate Judge Tu M. Pham on December 23, 2024. (ECF No. 8 at PageID 79.) The Report and Recommendation served as the Magistrate Judge's screening under 28 U.S.C. § 1915(a). (Id.) Plaintiff Richard E. Madkins ("Madkins" or "Plaintiff") did not file any objection. Time having run, the Court finds no clear error on the face of the record and thus **ADOPTS** the Report and Recommendation of the Magistrate Judge and **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE**.

I.   BACKGROUND

Plaintiff filed the instant Complaint pro se on November 4, 2024, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), among other claims, stemming from Plaintiff's sister, Sharon D. Madkins ("Ms. Madkins"), contractual relationship with Defendants. (ECF No. 2 at PageID 2.) Plaintiff characterized himself as "a certified independent

paralegal on behalf of his sister [Ms. Madkins], who is disabled, bedridden, and sleeping in oxygen mask to breathe air." (Id. at PageID 10–12.)  Despite this assertion, Madkins designated himself as the named plaintiff rather than Ms. Madkins.  (Id. at PageID 2.)

Plaintiff was required to respond fully to the questions on the Court's *in forma pauperis* form and execute an affidavit in compliance with 28 U.S.C. § 1746.  On November 15, 2024, the Magistrate Judge found the *in forma pauperis* application insufficient, as Plaintiff submitted an affidavit completed by his sister rather than himself.  (ECF No. 7 at PageID 77.)  The Magistrate Judge ordered Plaintiff to either file a properly completed *in forma pauperis* affidavit on his behalf or pay the $405 civil filing fee within 28 days. (Id. at PageID 78.)  Plaintiff was warned that failure to comply would result in dismissal of his case without further notice.  (Id.)  As of December 23, 2024, Plaintiff has failed to properly complete his *in forma pauperis* application or pay the filing fee.

## II.   LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition.  The "failure to properly file objections constitutes a waiver of appeal."  Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

## III.  ANALYSIS

By federal law, parties bringing any action in a federal district court must pay a filing fee of $405.  28 U.S.C. § 1914(a).  To ensure access to the courts, however, 28 U.S.C. § 1915(a)

permits an indigent plaintiff to avoid payment of the filling fees by filling an *in forma pauperis* affidavit. Under § 1915(a), the court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* status must respond fully to the questions on the court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner pro se plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Magistrate Judge's Report and Recommendation constituted the Court's screening. Based on the findings of fact above, the Magistrate Judge recommended dismissal of Plaintiff's Complaint without prejudice. (ECF No. 8 at PageID 80.)

Because no objections to the Report and Recommendation have been filed, the Court reviews the Report and Recommendation for clear error. Fed. R. Civ. P. 72(b)(3). Upon review, the Court finds no clear error and concurs with the Magistrate Judge's findings. The Report and Recommendation is, therefore, **ADOPTED**. Accordingly, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this 22nd day of January, 2025.

                                               */s/ Jon P. McCalla*
                                               JON P. McCALLA
                                               UNITED STATES DISTRICT JUDGE